IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **3B MEDICAL MANUFACTURING, LLC,**<br><br>  Plaintiff,<br><br>v.<br><br>**RHYTHM HEALTHCARE, LLC,**<br><br>  Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action for patent infringement in which Plaintiff 3B Medical Manufacturing, LLC ("3B Manufacturing" or "Plaintiff"), complains against Defendant, Rhythm Healthcare, LLC, ("Rhythm" or "Defendant"), and alleges as follows:

### THE PARTIES

1. 3B Manufacturing is a limited liability company organized and existing under the laws of Florida and has its principal place of business at 222 Lakeview Ave, Suite 730, West Palm Beach, FL 33401.

2. Upon information and belief, Rhythm is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 13577 Feather Sound Drive, Suite 100, Clearwater, FL 33762.

1

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question) and § 1338 (patents).

4. Defendant is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Defendant because it has engaged in continuous, systematic and substantial activities within this judicial district, including the marketing and/or sales of infringing products in this judicial district. Defendant also has a principal place of business in this judicial district. Furthermore, this Court has personal jurisdiction over Defendant in this case because it has committed acts giving rise to Plaintiff's claims within and directed to this judicial district.

5. Venue is proper in this judicial district as to Defendant under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b). Defendant has committed acts giving rise to Plaintiff's claims within and directed to this judicial district and has a place of business in this district.

## BACKGROUND

6. 3B Manufacturing, and its affiliate 3B Medical, Inc., are companies that, among other things, work with, design, and sell health care products.

7. VBox, Inc. ("VBox") is a Minnesota corporation with a place of business at 2342 East Country Road J, White Bear Lake, MN 55110.

8. VBox is a research company that designed and invented innovative technology related to portable oxygen concentrators.

9. VBox protected their technology by filing patent applications, resulting in the issuance of numerous patents related to this technology.

10. Patents relating to VBox's technology include, but are not limited to, U.S. Patent No. 7,604,005 ("the '005 patent").

11. On March 16, 2018, 3B Manufacturing, 3B Medical, Inc., and VBox entered into an Intellectual Property License Agreement ("the Agreement") whereby 3B Manufacturing became the exclusive licensee of certain VBox intellectual property, including the '005 patent, with the right to bring suit and address all alleged past, present and future infringement of the '005 patent.

12. Defendant is in the business of manufacturing and selling portable oxygen concentrators that practice the claimed inventions of the '005 patent. These products include at least Rhythm Healthcare's P2 Portable Oxygen Concentrator ("P2 Portable Oxygen Concentrator") and corresponding Sieve Beds used with the P2 Portable Oxygen Concentrator. The P2 Portable Oxygen Concentrator is shown below:



[https://www.rhythmhc.com/P2-Portable-Oxygen-Concentrator; **Exhibit 1**, last accessed October 24, 2025].

13. The corresponding Sieve Bed is shown below:



[https://www.rhythmhc.com/Sieve-Bed-for-the-P2-Portable-Oxygen-Concentrator-1-pair-includes-2-columns_2; **Exhibit 2**, last accessed October 24, 2025]

4

14. Rhythm had knowledge of the '005 patent prior to the filing of this action.

15. On June 25, 2025, correspondence was sent on behalf of 3B Manufacturing to Mr. Mitchell Yoel, COO of Rhythm to inform that the P2 Portable Oxygen Concentrator and the P2 Portable Oxygen Concentrator Sieve Beds infringe one or more claims of the '005 patent.

16. Therefore, Rhythm had actual notice of the '005 patent, and Rhythm had actual notice of its infringement of the '005 patent, at least as of June 25, 2025, in compliance with 35 U.S.C. § 287.

17. Upon information and belief, Rhythm has not changed the design of the P2 Portable Oxygen Concentrator since June 25, 2025.

18. Upon information and belief, Rhythm has not changed the design of any of the components the P2 Portable Oxygen Concentrator, including but not limited to the P2 Portable Oxygen Concentrator Sieve Beds, since June 25, 2025.

## THE ASSERTED PATENT

19. 3B Manufacturing is the exclusive licensee of a number of patents relating to portable oxygen concentrators and components thereof with all substantial rights in the patents. This includes the '005 patent, which is asserted in this lawsuit.

**U.S. Patent No. 7,604,005**

20. On October 20, 2009 the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,604,005, entitled "Adsorbent Cartridge for Oxygen Concentrator." A true and correct copy of the '005 patent is attached hereto as **Exhibit 3**.

21. The '005 patent names Theodore W. Jagger, Nicholas P. Van Brunt, John A. Kivisto, and Perry B. Lonnes as the inventors.

22. VBox is the owner of the '005 patent.

23. 3B Manufacturing is the exclusive licensee of the '005 patent with all substantial rights in the '005 patent including, but not limited to, the right to enforce the '005 patent against third party infringers.

**COUNT I**
**(DIRECT INFRINGEMENT OF U.S. PATENT 7,604,005)**

24. Plaintiff incorporates by reference all of the preceding paragraphs as though fully set forth herein.

25. The '005 patent remains valid, enforceable, and unexpired.

26. Claim 10 of the '005 patent recites:

> A removable cartridge for a portable oxygen concentrator, the cartridge comprising: an outer casing; a plurality of gas separation columns within the outer casing, each gas separation column containing an adsorbent material that preferentially adsorbs nitrogen, a first end, and a second end; a plurality of inlet ports in the outer casing, each inlet port connect to the first end

of one of the columns; and a plurality of outlet ports in the outer casing, each outlet port connected to the second end of one of the columns.

27. Defendant is directly infringing and has directly infringed at least claim 10 of the '005 patent under 35 U.S.C. §271(a) as shown at least in **Exhibit 4**, including, without limitation, by making, selling, offering for sale, and/or importing without license or authority, within the United States, the P2 Portable Oxygen Concentrator and/or the P2 Portable Oxygen Concentrator Sieve Beds that are covered by at least claim 10 of the '005 patent.

28. Defendant has knowledge of the '005 patent and its infringement of the '005 patent, or willfully blinded itself to such knowledge. At a minimum, Defendant has knowledge of the '005 patent and that its actions infringed the '005 patent at least based on correspondence sent by 3B Manufacturing to Rhythm on June 25, 2025. At a minimum, Defendant was aware of the '005 patent and its infringement of the '005 patent in view of and as of this communication.

29. Upon information and belief, Defendant also has knowledge of patents related to the portable oxygen concentrator industry in general and would be aware of the '005 patent prior to June 25, 2025.

30. Upon information and belief, to date Defendant has not made any changes to the designs of the P2 Portable Oxygen Concentrator and/or the P2 Portable Oxygen Concentrator Sieve Beds despite its knowledge of the '005 patent.

31. Upon information and belief, to date Defendant has not made any changes to any of its instructional and marketing materials related to the P2 Portable Oxygen Concentrator and/or the P2 Portable Oxygen Concentrator Sieve Beds despite its knowledge of the '005 patent.

32. Defendant knew of the '005 patent, acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, knew or should have known of this likelihood, and ignored and/or disregarded that its actions constituted infringement of a valid and enforceable patent.

33. As a result, Defendant's infringement of the '005 patent is and has been egregious, willful and deliberate.

34. Plaintiff has suffered substantial damages, and will continue to suffer substantial damages, as a result of Defendant's infringement.

## COUNT II
### (INDUCED INFRINGEMENT OF U.S. PATENT 7,604,005)

35. Plaintiff incorporates by reference all of the preceding paragraphs as though fully set forth herein.

36. The '005 patent remains valid, enforceable, and unexpired.

37. With knowledge of the '005 patent, Defendant has induced and continues to induce the infringement of at least claim 10 of the '005 patent under 35 U.S.C. § 271(b) by making, selling, offering to sell, and/or importing, without license or authority, within the United States, products covered by the '005 patent,

including, but not limited to, the P2 Portable Oxygen Concentrator and/or the P2 Portable Oxygen Concentrator Sieve Beds covered by the '005 patent for use by Defendant's customers/end users. In light of Defendant's inducement, these customers/end users directly infringe the '005 patent at least as shown in **Exhibit 4** by at least making, assembling, and/or using the P2 Portable Oxygen Concentrator and/or the P2 Portable Oxygen Concentrator Sieve Beds according to Defendant's instructions and marketing materials. Claim 10 of the '005 patent therefore reads on the P2 Portable Oxygen Concentrator and/or the P2 Portable Oxygen Concentrator Sieve Beds.

38. Defendant specifically intended its customers/end users to infringe the '005 patent and knew that its customers'/end users' acts constituted infringement, or at the very least, was willfully blind to the existence of the '005 patent and/or the fact that customers/end users use and/or assembly of the P2 Portable Oxygen Concentrator and/or the P2 Portable Oxygen Concentrator Sieve Beds, would directly infringe the '005 patent. Despite a high likelihood that its actions would induce its customers'/end users' direct infringement of the '005 patent, Defendant manufactured, marketed and sold the P2 Portable Oxygen Concentrator and/or the P2 Portable Oxygen Concentrator Sieve Beds to customers/end users for use and/or assembly. These customers/end users directly infringe the '005 patent by making and/or using the P2 Portable Oxygen

Concentrator and/or the P2 Portable Oxygen Concentrator Sieve Beds following instructions and other instructional literature, videos, user manuals and/or other information prepared or provided by Defendant.

39. Defendant provides instructions to its customers/end users regarding how to install, assemble and use the P2 Portable Oxygen Concentrator as well as related components including, but not limited to, the P2 Portable Oxygen Concentrator Sieve Beds.

40. As shown in **Exhibit 4**, when customers/users make, use or assemble the P2 Portable Oxygen Concentrator as instructed by Defendant, each limitation of at least claim 10 of the '005 patent is met.

41. Defendant knew that its customers'/end users' actions, when performed, would directly infringe the '005 patent.

42. Defendant has knowledge of the '005 patent and its infringement of the '005 patent, or willfully blinded itself to such knowledge. At a minimum, Defendant has knowledge of the '005 patent and that its actions infringed the '005 patent at least based on correspondence sent by 3B Manufacturing to Rhythm, on June 25, 2025.

43. At a minimum, Defendant was aware of the '005 patent and its infringement of the '005 patent in view of and as of the June 25, 2025 communication.

44. Upon information and belief, Defendant also has knowledge of patents related to the portable oxygen concentrator industry in general and would be aware of the '005 patent.

45. Upon information and belief, to date Defendant has not made any changes to the design of P2 Portable Oxygen Concentrator and/or the P2 Portable Oxygen Concentrator Sieve Beds despite its knowledge of the '005 patent.

46. Upon information and belief, to date Defendant has not made any changes to any of its instructional and marketing materials related to the P2 Portable Oxygen Concentrator and/or the P2 Portable Oxygen Concentrator Sieve Beds despite its knowledge of the '005 patent.

47. Defendant actively induced infringement of the '005 patent, knew the acts they induced constituted direct patent infringement, and caused direct patent infringement by those inducing acts.

48. Defendant's induced infringement of the '005 patent has caused and continues to cause substantial damage to 3B Manufacturing.

49. At the very least, Defendant believed that there was a high probability that its acts, if taken, would result in direct infringement of the '005 patent by its customers/end users, yet deliberately avoided confirming that belief.

50. At the very least, Defendant willfully blinded itself to the existence of the '005 patent, and therefore willfully blinded itself to customers'/end users'

direct infringement of the '005 patent resulting from the customers'/end users' use and/or assembly of the P2 Portable Oxygen Concentrator and/or the P2 Portable Oxygen Concentrator Sieve Beds.

51. Defendant knew of the '005 patent, acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, knew or should have known of this likelihood, and ignored and/or disregarded that its actions constituted infringement of a valid and enforceable patent.

52. Defendant's infringement of the '005 patent is and has been egregious, willful and deliberate.

53. Plaintiff has suffered substantial damages, and will continue to suffer substantial damages, as a result of Defendant's infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in their favor against Defendant for the following relief:

A. A judgment in favor of Plaintiff that Defendant has directly infringed the '005 patent in violation of 35 U.S.C. §271(a);

B. A judgment in favor of Plaintiff that Defendant has induced infringement of the '005 patent in violation of 35 U.S.C. §271(b);

C. An award of damages adequate to compensate Plaintiff for Defendant's infringement, including but not limited to lost profits and/or a reasonable royalty;

D. An order adjudging Defendant to have deliberately and willfully infringed the '005 patent and trebling, or otherwise increasing, Plaintiff's damages under 35 U.S.C. § 284;

E. A judgment in favor of Plaintiff that this is an exceptional case;

F. An award to Plaintiff of its attorney fees and their costs and expenses incurred in connection with this action pursuant to 35 U.S.C. § 285;

G. An award of prejudgment and post-judgment interest and costs of this action; and

H. Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: October 31, 2025

        HAHN LOESER & PARKS LLP
        5811 Pelican Bay Boulevard, Suite 650
        Naples, Florida 34108
        Phone: (239) 254-2900

        By: */s/ Phoebe S. Wise*
        PHOEBE S. WISE, ESQUIRE
        Florida Bar No. 105652

        pwise@hahnlaw.com  
        jlgrady@hahnlaw.com  
        JEANNE L. SEEWALD, ESQUIRE  
        Florida Bar No. 175005  
        jseewald@hahnlaw.com  
        cfoote@hahnlaw.com

Pro Hac Vice Application         CARLSON, GASKEY & OLDS, P.C.  
Forthcoming for:

        David L. Atallah  
        Timothy J. Murphy  
        Joshua A. Patrick  
        400 West Maple Road, Suite 350  
        Birmingham, MI 48009  
        Telephone: (248) 988-8360  
        Facsimile: (248) 988-8363  
        Email: datallah@cgolaw.com  
              tmurphy@cgolaw.com  
              jpatrick@cgolaw.com

*Attorneys for Plaintiff*